```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HELEN RITA CARNEY, Pro Se<br>1762 Crown Point Road<br>Thorofare, NJ  08086<br>         Plaintiff,<br>     v.<br>JOHN HARGRAVE,<br>         Defendant. | Civil No. 03-1717 (JBS)<br><br>**MEMORANDUM OPINION** |

Plaintiff Helen Carney seeks entry of default judgment against defendant John Hargrave, a municipal building inspector in Gloucester City, New Jersey.  In her Complaint, filed April 24, 2003, Ms. Carney seeks money damages of $500,000 for violation of her constitutional right to bring grievances to the government under the First Amendment.

The Summons and Complaint were served upon defendant Hargrave on May 14, 2003, and Hargrave failed to answer or otherwise plead to the Complaint.  Upon request of the plaintiff, the Clerk of Court entered default against Hargrave pursuant to Rule 55(a), Fed. R. Civ. P., on February 6, 2004.

Plaintiff discharged her attorney and proceeded pro se.  She was not able to procure the affidavits necessary to establish her case for purposes of obtaining default judgment.[1]  Her own

---

[1]  The underlying Complaint was vague as to why Hargrave was alleged to be liable to Plaintiff for a constitutional violation,

efforts in this regard, though sincere, did not comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, in various particulars that the Court pointed out to her in correspondence during the extended period of time in which this case was pending.  Finally, the Court, upon ample notice to Ms. Carney in the Letter Order of November 6, 2006 [Docket Item 34], set the case down for a default judgment hearing where she would have the opportunity to present her case through her testimony plus the testimony of any other persons with personal knowledge, together with such documents as are admissible in evidence.

The default judgment hearing was convened pursuant to Rule 55(b), Fed. R. Civ. P., on November 27, 2006.  Ms. Carney testified at the hearing, as did her long-time friend John Arenz, and the statement of John Arenz was received in evidence as

---

so it was not possible to enter default judgment in Plaintiff's favor based solely upon the allegations of the Complaint, even if presumed to be true.  The Court, of course, has discretion to require Plaintiff to prove a prima facie case at a default judgment hearing as to liability and damages where the Complaint is vague, as "liability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2688 at 59-61 (3d ed. 1998) (footnotes omitted).  Because the averments of the Complaint required elaboration and proof in the inquiry under Rule 55(b), Fed. R. Civ. P., this Court gave notice and an explanation to Plaintiff of what would be required of her at the hearing in the Letter Order of November 6, 2006 [Docket Item 34], as well as orally at the November 27, 2006 hearing itself, prior to resuming the hearing on December 13, 2006.

Exhibit C-1, while Ms. Carney's statement was received in evidence as Exhibit C-2.

Ms. Carney requested also the testimony of John Arenz' brother, William Arenz, a resident of Milmay, New Jersey. The Arenz brothers had become estranged and William was apparently unwilling to appear voluntarily. This Court's Order, filed November 28, 2006, granted plaintiff's application for the issuance of a subpoena and directed the United States Marshal to serve the trial subpoena upon William Arenz to secure his attendance at trial, which resumed on December 13, 2006. William Arenz appeared with counsel in response to the subpoena and testified on December 13, 2006, examined by Ms. Carey and by the Court. The plaintiff rested, and the Court reserved decision at that time. The Court received no testimony from defendant Hargrave, nor did Plaintiff offer any documents into evidence that were either authored by him or referred to him.

The Court finds the following findings of fact and conclusions of law for purposes of entertaining the entry of default judgment under Rule 55(b), Fed. R. Civ. P.

### FINDINGS OF FACT

1.  Plaintiff Helen Rita Carney formerly resided in a twin home located at 814 Cumberland Street in Gloucester, New Jersey. Her Complaint alleges that John Hargrave, a Gloucester City

housing inspector, took steps against her to induce her landlord, William Arenz, to evict her because she allegedly complained about Hargrave to unnamed public officials in Gloucester City and Camden County.

    2.   Her Complaint, filed April 24, 2003, alleged that Hargrave failed to take action against a neighbor, Robert Brandt, when Brandt gutted his property next door and caused a nuisance to arise.  She alleged that Brandt poked holes into the common wall of their twin home and that vermin found their way into her home and that drug users occupied Brandt's home.  She alleged that Hargrave was a friend of Brandt and that Hargrave turned a blind eye toward Brandt's alleged property violations while citing Carney's landlord, William Arenz, with some 49 violations.  She alleges that her property was actually in good shape, and that inspection by HUD, prior to and after the Gloucester City inspection, found no violations, while Gloucester City, through Hargrave, found approximately 49 violations, as a pretext to cause her eviction.

    3.   She alleged that Mr. Hargrave told her landlord, William Arenz, that unless he got rid of her as a tenant, the landlord would face $12,000 in fines for the violations.  She alleges that her landlord had no choice but to evict her.

    4.   The actual facts proved at the hearing fell far short of what Ms. Carney alleged.  She offered no proof that Hargrave

4

and Brandt are friends.  There was no admissible evidence that Hargrave told her landlord that she should be evicted as a troublemaker.  When her landlord, William Arenz, was specifically asked these questions, he denied that Hargrave ever came to him and told him to evict Helen Carney.

    5.   William Arenz testified that he didn't know Hargrave personally and that he had met him only fleetingly.  Although Ms. Carney testified as to what William Arenz allegedly told her about Hargrave's threat, her statement is double-hearsay, because it is her recollection of what William Arenz told her that Hargrave had said.  She does not allege that she was present when this threat was made, nor is there any proof that William Arenz followed through with any such threat.

    6.   In fact, the proofs at the hearing were that Ms. Carney continued to live in the twin house even after the complaint was filed herein, until July 17, 2003, when the home was partially destroyed by fire.  She was not permitted by the Fire Marshal to take possession of her apartment, and she moved to reside with John Arenz, the brother of her landlord, William.

    7.   John Arenz testified that his brother William had said to him, before the fire, "I hope she has fire insurance."  Indeed the Gloucester City Police indicated to both John Arenz and William Arenz that the fire was the result of arson.  Helen Carney was seen as a suspect, according to her own testimony, and

5

William Arenz may also have been a suspect in the arson, but no charges were ever brought.

8. Importantly, for the present case, there is no connection in the evidence between Ms. Carney's loss of her tenancy by fire and any action or omission of building inspector Hargrave. There is no evidence that William Hargrave took action against Helen Carney that resulted in the loss of her home.

9. While it is clear that the Arenz brothers, John and William, are indeed estranged and that John had loaned money to William to buy the house in the first instance, which was never repaid, and that Helen Carney had put substantial money into the house to fix it up from time to time, the evidence does not show that John Hargrave had anything to do with those arrangements or those failures.

10. Helen Carney has had a difficult life, especially in later years. She lost some of her prized possessions in the fire and she felt that she was double-crossed by William Arenz, and that Defendant Hargrave somehow benefitted from this at her expense. The landlord in fact made the repairs that were required by Gloucester City, and the fire rendered moot some other repairs that were required. Eventually the house was rebuilt and sold by William Arenz. Also, there was separate litigation by Helen Carney against William Arenz, which settled

by payment of money from William Arenz to her, according to her testimony.

11.  The Court finds that the Plaintiff has failed to establish a *prima facie* case for purposes of default judgment under Rule 55(b) against Defendant Hargrave.  While the Plaintiff is entitled to the presumption of correctness of her unrebutted complaint in a default situation, the Court may not extend that presumption where the actual evidence suggests otherwise.  In this case, despite the best efforts of Helen Carney and John Arenz, and despite the availability of William Arenz to potentially confirm her suspicions, the proofs simply do not rise to the necessary level for this Court to inflict a default judgment against the absent party, Defendant Hargrave.

CONCLUSIONS OF LAW

1.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, as Plaintiff invokes a federal Civil Rights Act cause of action under 42 U.S.C. § 1983 for violation of her First Amendment right to petition the government for redress of grievances.

2.   The Plaintiff in a Section 1983 action such as this has the obligation to show that the defendant acted under color of state law to deprive her of constitutional rights.  West v. Atkins, 487 U.S. 42, 48 (1988).

     3.   Under the First Amendment, a citizen is entitled to petition the government for redress of grievances and to be free of punishment for exercising that right.  See, e.g., <u>Smith v. Ark. State Highway Employees</u>, 441 U.S. 463, 464 (1979).

     4.   To establish such a cause of action, the Plaintiff must show that she exercised her right to petition the governmental authorities for redress of grievances and that she was a victim of retaliatory action, which caused harm to her protected interests.  Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006) ("[T]o plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his[/her] constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.")

     5.   In this case, the Court will assume that John Hargrave, as a municipal building inspector, was acting under color of state law.  Fundamentally, municipalities are creatures of state government and municipal actors are performing duties under color of state law.

     6.   The proofs fail to show that Ms. Carney petitioned to local or county authorities for actions taken by Hargrave prior to his alleged issuance of the building code violations to her landlord.  No documents are in evidence containing such

complaints, nor is there any record in evidence of any response by governmental officials.

	7.	There is likewise no credible, admissible evidence that Hargrave threatened William Arenz to evict Helen Carney, as discussed above.

	8.	Finally, there is no evidence of a causal connection between any action by Hargrave with regard to building violations, on the one hand, and any loss sustained by Helen Carney when she was required to move due to the suspected arson fire, on the other hand.

	9.	Accordingly, Plaintiff's request for default judgment shall be denied and the Complaint shall be dismissed, no cause for action.

	The accompanying Order will be entered.


**December 22, 2006**                     　 s/ Jerome B. Simandle
Date                                         JEROME B. SIMANDLE
                                             U.S. District Judge